FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JUL 0 1 2011 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Nº 11-CV-2197 (JFB)

DAVID J. SAFRAN,

Petitioner,

VERSUS

SHERIFF OF SUFFOLK COUNTY,

Respondent.

MEMORANDUM AND ORDER
July 1, 2011

JOSEPH F. BIANCO, District Judge:

*Pro se* petitioner David J. Safran ("petitioner" or "Safran") brings this action pursuant to 28 U.S.C. § 2254[1], seeking his release from custody. For the reasons set forth below, the petition is dismissed without prejudice.

I. BACKGROUND

In the instant petition, which petitioner filed *pro se* on May 3, 2011, Safran argues that he is being unlawfully detained and, as such, he seeks a writ of habeas corpus ordering his release. Specifically, petitioner raises six grounds for his release, namely: (1) his arrest was based on an "illegal search and seizure" (Pet. at 1); (2) there was no probable cause for his arrest (Pet'rs May 19 Reply Letter at 1); (3) he was wrongfully denied access to the grand jury (*Id.* at 1, 3); (4) his counsel was ineffective in failing to prevent his being indicted by the grand jury (*Id.* at 2); (5) he was wrongfully denied the right to proceed *pro se* (Pet'rs May 19 Reply Letter at 2); and (6) he was unlawfully incarcerated for a crime that "amount[s] to a Traffic Infraction" (Pet. at 2). On February 7, 2011, Safran was arrested for the illegal possession of forged license plates and, on

---

[1] Petitioner filed his petitioner for habeas relief under "28 USC 2241-2254." (Pet. at 1.) However, petitions under § 2241 are "reserved for challenges to the execution of a federal prisoner's sentence." *Zuniga v. Sposato*, No. 11-CV-1045 (JFB), 2011 WL 1336396, at *2 (E.D.N.Y. Apr. 7, 2011). Thus, § 2241 is clearly inapplicable here since petitioner is to be tried in state court and concedes that he has not been convicted or sentenced yet.

February 8, 2011, he was charged with criminal possession of a forged instrument and with resisting arrest. (Aff. of Michael Blakey ¶ 3 ("Blakey Aff.").)[2] Petitioner was arraigned and held on bail or bond. Petitioner was subsequently indicted on February 15, 2011, before a grand jury, and was once again held on bail or bond. (*Id.* ¶ 4.) Subsequent to the indictment filed in County Court, Suffolk County, various motions had been brought to the attention of the state court judge before whom petitioner will be tried. (*Id.* ¶¶ 5-6.) Although petitioner raised a number of claims with respect to the criminal process initiated against him, nowhere does he allege that he has been tried and convicted. In fact, he states in his petition that "an unlawful trial [had] not yet" taken place. (Pet. at 2.) Petitioner's trial is, at this time, scheduled for August 2011. (Blakey Aff. ¶ 7.)

On May 13, 2011, respondent requested leave to file a motion to dismiss the petition for failure to exhaust. The Court issued an Order dated May 16, 2011, setting a briefing schedule for the motion. Petitioner submitted a letter, dated May 19, 2011, in reply to respondent's letter requesting to file the motion to dismiss. Respondent filed his brief on May 19, 2011. Petitioner filed his opposition letter on June 29, 2011. The Court has carefully considered the submissions and arguments of the parties.

## II. DISCUSSION

According to 28 U.S.C. § 2254, this Court may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Moreover, a district court shall not review a habeas petition unless "the applicant has exhausted the remedies available in the courts of the state."[3] 28 U.S.C. § 2254(b)(1)(A). Although a state prisoner need not petition for certiorari to the United States Supreme Court to exhaust his claims, *see Lawrence v. Florida,* 549 U.S. 327, 333 (2007), petitioner must fairly present his federal constitutional claims to the highest state court having jurisdiction over them. *See Daye v. Attorney Gen. of N.Y.,* 696 F.2d 186, 191 n. 3 (2d Cir. 1982) (en banc). Exhaustion of state remedies requires that a petitioner "fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry,* 513 U.S. 364, 365 (1995) (quotation marks omitted) (quoting *Picard v. Connor,* 404 U.S. 270, 275 (1971)). However, "it is not sufficient merely that the federal habeas applicant has been through the state courts." *Picard,* 404 U.S. at 275-76. On the contrary, to provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state's highest court with powers of discretionary review), alerting that court to the federal nature of the claim and "giv[ing] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established

---

[2] Petitioner does not provide the background facts of his case. Consequently, the Court cites to the respondent's papers.

[3] An exception to the exhaustion rule exists, if "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i), (ii). Here, there is no evidence that there is an absence of available state corrective process, nor is there any evidence that circumstances exist in state court that render such process ineffective to protect petitioner's rights. In fact, petitioner is scheduled for trial in August 2011.

2

appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Duncan*, 513 U.S. at 365-66.

Here, it is apparent that petitioner has not been convicted yet, as he himself admits in his petition (Pet. at 2), so that petitioner is not in custody pursuant to a state court judgment of conviction. Nor does petitioner allege that he has exhausted his state court remedies. In other words, petitioner has not presented his federal constitutional claims to the highest state court. Accordingly, the Court concludes that petitioner fails to state a claim upon which relief may be granted under § 2254, and, thus, the petition is dismissed without prejudice as premature. *See, e.g., Haynes v. Fiorella*, No. 10-cv-0843S(F), 2010 WL 4365832, at *1 (W.D.N.Y. Nov. 3, 2010) ("Since it is clear from the face of the petition that petitioner's criminal case is still pending, she is not in custody pursuant to a state court conviction and she has not exhausted her available state court remedies."); *Bolar v. Pilgrim State Psychiatric Hosp.*, No. 07-CV-5445 (NG), 2008 WL 2051029, at *2 (E.D.N.Y. May 13, 2008) ("It is clear that she has not yet been convicted of the offense with which she is charged and that she has not exhausted her state court remedies, both of which are necessary to filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.")

III. CONCLUSION

For the foregoing reasons, the instant action under § 2254 is dismissed without prejudice to petitioner's right to file a future petition pursuant § 2254 after he fully exhausts his state court remedies.[4] The Clerk of the Court is instructed to enter judgment accordingly and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED

_____
JOSEPH F. BIANCO
United States District Judge

Date: July 1, 2011
Brooklyn, NY

\* \* \*

Petitioner is proceeding *pro se*. Respondent is represented on behalf of Thomas J. Spota, District Attorney of Suffolk County by: Michael Herman Blakey, Esq., District Attorney's Office of Suffolk County, Criminal Court Building, 200 Center Drive, Riverhead, New York, 11901.

---

[4] The Court notes that the dismissal of this petition will not unduly prejudice petitioner because, based upon the information set forth in his petition, it appears that he will have ample opportunity to file timely a § 2254 habeas petition setting forth his claims once he has exhausted his state-court remedies. *See Rhines v. Weber*, 544 U.S. 269, 276-78 (2005). Moreover, since his petition is being denied without prejudice for failure to exhaust state remedies, a future petition after exhaustion of such remedies would not be considered "second or successive." *See Camarano v. Irvin*, 98 F.3d 44, 46 (2d Cir. 1996).